IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| AAYUSH KHATIWADA a/k/a § <br> "RECEIPTS 'R' US," § <br> § <br> Plaintiff, § <br> § <br> V. § <br> § <br> JEFFREY OYENEYE a/k/a § <br> "REALLYFE PRODUCTIONS," § <br> § <br> Defendant. § | No. 3:22-cv-80-N-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Aayush Khatiwada a/k/a "Receipts 'R' US" (Khatiwada) filed a *pro se* complaint for copyright infringement, alleging that Defendant Jeffrey Oyeneye a/k/a "RealLyfe Productions" (Oyeneye) "stole some of [Khatiwada's] copyrighted material from YouTube and uploaded it to [Oyeneye's] YouTube page without [Khatiwada's] permission." Dkt. No. 3 (cleaned up).

Khatiwada also moved for leave to proceed *in forma pauperis* (IFP). *See* Dkt. No. 4. So United States District Judge David C. Godbey referred Khatiwada's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The Court will grant Khatiwada leave to proceed IFP through a separate order. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this lawsuit for Khatiwada's failure to allege a claim of copyright infringement.

## Legal Standards

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam).

Even outside the IFP context, "[i]t is well-established that a district court may dismiss a complaint on its own motion under [Rule] 12(b)(6) for failure to state a claim upon which relief may granted." *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *1 (N.D. Tex. Oct. 30, 2018) (citing *Carroll v. Fort James Corp.*, 470 F.3d 1171 (5th Cir. 2006) (citing, in turn, *Shawnee Int'l, N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984))), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

A district court may exercise its "inherent authority ... to dismiss a complaint on its own motion ... 'as long as the procedure employed is fair.'" *Gaffney v. State Farm Fire & Cas. Co.*, 294 F. App'x 975, 977 (5th Cir. 2008) (per curiam) (quoting *Carroll*, 470 F.3d at 1177 (quoting, in turn, *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)); citation omitted). And the United States Court of Appeals for Fifth Circuit has "suggested that fairness in this context requires both notice of the court's intention to dismiss *sua sponte* and an opportunity to respond." *Id.* (cleaned up; quoting *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 643 (5th Cir. 2007) (quoting, in turn, *Carroll*,

470 F.3d at 1177)); *accord Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) ("The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." (citations omitted)).

Notice is provided through these findings, conclusions, and recommendations (the FCR), and the period to file objections to the FCR (further explained below) affords an opportunity to respond. *See, e.g.*, *Starrett*, 2018 WL 6069969, at *2 (citations omitted).

Dismissal for failure to state a claim under either Rule 12(b)(6) or Section 1915(e)(2)(B)(ii) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

Instead, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Id.* at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

This rationale has even more force here, as "*[p]ro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory allegations on a critical issue are

insufficient ….'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013).

"To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff'" and would "'transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

**Analysis**

"To prove copyright infringement, a plaintiff must establish (1) ownership of a valid copyright; (2) factual copying; and (3) substantial similarity." *Cat & Dogma, LLC v. Target Corp.*, No. 20-50674, 2021 WL 4726593, at *2 (5th Cir. Oct. 8, 2021) (per curiam) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 549 (5th Cir. 2015) (quoting, in turn, *Armour v. Knowles*, 512 F.3d 147, 152 (5th Cir. 2007) (per curiam))); *see also Adeyinka v. Demosend*, Civ. A. No. H-18-2542, 2019 WL 1493879, at *3 (S.D. Tex. Feb. 14, 2019) ("A copyright holder has the exclusive right to authorize the reproduction of his copyrighted work or, 'in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio

transmission.' To establish a prima facie case of copyright infringement, a plaintiff must show: (1) that he owns a valid copyright in the work; and (2) that the defendant copied original elements of the work." (quoting 17 U.S.C. § 106(1),(6); citations omitted)), *rec. adopted*, 2019 WL 1493295 (S.D. Tex. Apr. 4, 2019).

So "[t]he first element of a copyright infringement claim is ownership of a valid copyright." *Cat & Dogma*, 2021 WL 4726593, at *2

> "Copyright ownership is shown by proof of originality and copyrightability in the work as a whole and by compliance with applicable statutory formalities." *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1340 (5th Cir. 1994) (citing *Plains Cotton Coop. Ass'n v. Goodpasture Comput. Serv., Inc.*, 807 F.2d 1256, 1260 (5th Cir. 1987)). This includes copyright registration. *See* 17 U.S.C. § 410(c). "A certificate of registration, if timely obtained, is prima facie evidence both that a copyright is valid and that the registrant owns the copyright." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004) (per curiam).

*Id.*

Khatiwada's factual allegations are few. And, while he does allege that he "own[s]" the rights to the copyrighted material that was allegedly stolen for use on another's YouTube channel, this allegation is a legal conclusion not supported by plausible facts. Absent plausible facts to support this conclusion, Khatiwada has not pled enough to show a prima facie claim of copyright infringement and thus allege a claim against the named defendant. *Compare id.* ("Here, Dogma alleges its ownership of Copyright Registration VA 2-172-249 for The Design. We must accept all of Dogma's factual allegations as true and view such facts in the light most favorable to Dogma. Accordingly, we hold that Dogma adequately alleges ownership of a valid, registered copyright at the pleading stage." (citation omitted)), *with Adeyinka*, 2019

WL 1493879, at *3 ("Adeyinka alleges infringement by Demosend in 2016, for the song entitled 'tripping,' but he concedes that … he is still awaiting completion of a copyright for that title. Because Adeyinka does not allege that he has a valid copyright for this song, he does not state a claim for infringement against Demosend for its use, if any. Therefore, Adeyinka's allegation of infringement against Demosend should be dismissed for failure to state a claim." (citation omitted)).

The Court should therefore dismiss the complaint with prejudice.

But the time to file objections to the FCR (further explained below) allows Khatiwada an opportunity to explain how he would cure the deficiency identified above (and, further, provide enough facts to plausibly allege the other elements of a copyright-infringement claim) and thus show the Court that his case should not be dismissed with prejudice at this time and that the Court should instead grant him leave to amend his claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert

both the court and the defendants to the substance of their proposed amendment').").

## Recommendation

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 19, 2022

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE